**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

UNITED STATES OF AMERICA; and

PEOPLE OF THE STATE OF ILLINOIS, by
their Attorney General, KWAME RAOUL;

        Plaintiffs,

    v.

B.E.S.T. GDR, LLC, an Illinois limited liability
company, also doing business as PREMIUM
HOME SERVICE; and

YOSEF BERNATH, individually, and as an
owner, member, and/or manager of B.E.S.T.
GDR, LLC;

        Defendants.

CASE NO. 1:26-cv-05415

**Judge Georgia N. Alexakis**

**Magistrate Judge David Weisman**

**JOINT INITIAL STATUS REPORT**

        Pursuant to the Court's Order and Federal Rule of Civil Procedure 26(f), Plaintiffs, the United States of America ("United States") and the People of the State of Illinois, by Attorney General Kwame Raoul ("Illinois") (collectively, "Plaintiffs"), and Defendants B.E.S.T. GDR, LLC, doing business as Premium Home Service ("PHS"), and Yosef Bernath (collectively, "Defendants"), jointly submit this Initial Status Report.

**I.**   **Nature of the Case:**

    A.   Identify all attorneys of record for each party, including the lead trial attorney.

| FOR PLAINTIFFS: | FOR DEFENDANTS: |
|---|---|
| **Plaintiff United States of America:** | Lead Trial Attorney: Lawrence M. Benjamin |
| Lead Trial Attorney: Cadesby B. Cooper, Trial Attorney U.S. Department of Justice, Civil Division Enforcement & Affirmative Litigation Branch 450 5th Street NW, Suite 6400-S Washington, DC 20530 Telephone: (202) 305-7032 Email: cadesby.b.cooper@usdoj.gov | Crowell & Moring LLP 300 N. LaSalle Dr. Suite 2500 Chicago, IL 60654 Telephone: (312) 379-4296 lbenjamin@crowell.com |

| | |
|---|---|
| Additional Counsel:<br><br>Colin W. Trundle, Trial Attorney<br>U.S. Department of Justice, Civil Division<br>Enforcement & Affirmative Litigation Branch<br>450 5th Street NW, Suite 6400-S<br>Washington, DC 20530<br>Telephone: (202) 742-7112<br>Email: colin.trundle@usdoj.gov<br><br>James T. Nelson, Senior Trial Attorney<br>U.S. Department of Justice, Civil Division<br>Enforcement & Affirmative Litigation Branch<br>450 5th Street NW, Suite 6400-S<br>Washington, DC 20530<br>Telephone: (202) 616-2376<br>Email: james.nelson2@usdoj.gov<br><br>**Plaintiff People of the State of Illinois:**<br><br>Lead Trial Attorney:<br>Thomas P. James<br>Office of the Illinois Attorney General<br>115 South LaSalle Street<br>Chicago, IL 60603<br>Telephone: (872) 272-0815<br>Email: thomas.james@ilag.gov<br><br>Additional Counsel:<br>Dale Lichtenstein<br>Office of the Illinois Attorney General<br>115 South LaSalle Street<br>Chicago, IL 60603<br>Telephone: (312) 814-3744<br>Email: dale.lichtenstein@ilag.gov<br><br>Amanda Palmer<br>Office of the Illinois Attorney General<br>115 South LaSalle Street<br>Chicago, IL 60603<br>Telephone: (872) 272-0815<br>Email: amanda.palmer@ilag.gov | Additional Counsel:<br><br>Motty Stone<br>8424 Skokie Blvd. #200<br>Skokie, IL 60077<br>Telephone: (847) 933-0300<br>mstone@windycitylawgroup.com |

| Janice Parker<br>Office of the Illinois Attorney General<br>115 South LaSalle Street<br>Chicago, IL 60603<br>Telephone: (312) 814-3945<br>Email: janice.parker@ilag.gov | |

B. <u>Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third-party claims.</u>

The complaint alleges that Defendants engaged in a nationwide deceptive marketing scheme by falsely representing themselves to be thousands of legitimate local home repair businesses, promising to dispatch local technicians to perform home repair services, using phony business profiles and fabricated or purchased consumer reviews to promote those services, and obtaining consumers' financial information through those alleged misrepresentations. (ECF 1 ¶¶ 3–5, 16–48, 52–81.)

The United States asserts that such conduct violates Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); the Rule on the Use of Consumer Reviews and Testimonials, 16 C.F.R. Part 465; and Section 521 of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6821, and seeks relief pursuant to Sections 5(m)(1)(A), 13(b), and 19 of the FTC Act, 15 U.S.C. §§ 45(m)(1)(A), 53(b), and 57b. (ECF 1 ¶¶ 1, 49–81.)

The People of the State of Illinois asserts that conduct violates the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, including Sections 2 and 2Q(a), and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510. (ECF 1 ¶¶ 2, 82–91.)

Defendants have moved to dismiss all or part of the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or, alternatively, to strike certain allegations and require a more definite statement under Rules 12(e) and 12(f). Defendants contend that Counts IV and V fail to state a claim, that the United States is not entitled to monetary relief under Counts I–III, and that the complaint's prayer for relief should be clarified to distinguish the relief sought by each Plaintiff. (ECF No. 20.)

Defendants have not yet filed an answer or asserted any counterclaims or third-party claims at this time.

C. <u>Briefly identify the major legal and factual issues in the case.</u>

<u>Plaintiff's Position:</u>

1. Whether Defendants violated Section 5(a) of the FTC Act, the Illinois Consumer Fraud and Deceptive Business Practices Act, and the Illinois Uniform Deceptive Trade Practices Act by falsely representing that they operated legitimate local home repair businesses. (ECF 1 ¶¶ 3–5, 16–24, 49–54, 82–91.)

3

2. Whether Defendants violated Section 5(a) of the FTC Act and Illinois law by falsely representing that they would dispatch local technicians to perform home repair services as advertised. (ECF 1 ¶¶ 37–47, 55–58, 87, 90.)

3. Whether Defendants violated Section 5(a) of the FTC Act and the Rule on the Use of Consumer Reviews and Testimonials by creating, purchasing, procuring, or publishing fake consumer reviews and testimonials. (ECF 1 ¶¶ 25–36, 59–71.)

4. Whether Defendants violated Section 521 of the Gramm-Leach-Bliley Act and Section 5(a) of the FTC Act by obtaining or attempting to obtain consumers' financial institution information through false, fictitious, or fraudulent representations. (ECF 1 ¶¶ 37–41, 72–81.)

5. Whether Defendants violated Section 2Q(a) of the Illinois Consumer Fraud and Deceptive Business Practices Act by operating home repair businesses in Illinois under unregistered or unauthorized business names. (ECF 1 ¶¶ 12, 18–24, 83, 88–89.)

6. Whether Defendants' alleged conduct caused consumer injury, including monetary losses and other harm. (ECF 1 ¶¶ 42–48, 92.)

7. Whether Plaintiffs are entitled to permanent injunctive relief, consumer redress, restitution, disgorgement, civil penalties, costs, and other equitable relief. (ECF 1 ¶¶ 77, 92–94; Prayer for Relief.)

8. Plaintiffs' position regarding Defendants' issues 9-13 below is that, to prevail in this case, the United States is not required to establish, for example, whether Defendants' alleged violations were intentional, whether the work or repairs was good or workmanlike, whether Defendants' alleged conduct caused any actual damage, or whether any consumers were actually deceived. Additionally, it is Plaintiffs' position that all relief sought in this case is authorized pursuant to statute.

<u>Defendants' Position</u>

9. Whether Defendants engaged in any deceptive conduct or violated the applicable statutes, and if so whether such conduct or violations were intentional.

10. Whether the work or repairs were performed in a good and workmanlike manner.

11. Whether Defendants' alleged conduct caused any actual damage, and if so, the scope and extent of such damage.

12. Whether any consumers or other persons were actually deceived or relied to their detriment on the alleged misrepresentation and deceptive practices.

13. Whether Plaintiffs are entitled to recover any monetary or equitable relief.

14. Whether any of the allegedly wrongful behavior could reasonably be expected to recur.

15. Whether the requested injunction is narrowly tailored to address the specific alleged violations of Defendants.

16. Whether Plaintiffs alleged revenue figures overstate the amount of Defendants' alleged unjust gains.

17. Whether Defendants performed work for any senior citizens.

18. Whether Plaintiffs' claims are barred by the applicable statute of limitations.

19. Whether the Court has personal jurisdiction over the Defendants.

20. Whether Illinois is entitled to seek any extraterritorial relief.

21. Whether the Rule on the Use of Consumer Reviews and Testimonials can be applied retroactively.

22. The proper interpretation and scope of Section 521(a)(2) of the GLB Act, 15 U.S.C. § 6821(a).

23. Whether Yosef Bernath can be held personally liable for alleged acts of the corporation.

D. <u>State the relief sought by any of the parties. Estimate/quantify the damages, if any.</u>

The United States seeks a permanent injunction prohibiting future violations of the FTC Act, the Rule on the Use of Consumer Reviews and Testimonials, and the Gramm-Leach-Bliley Act; monetary and equitable relief, including consumer redress, rescission or reformation of contracts, and the refund of money or return of property, pursuant to Section 19 of the FTC Act, 15 U.S.C. § 57b; civil penalties for violations of the Rule on the Use of Consumer Reviews and Testimonials and the Gramm-Leach-Bliley Act pursuant to Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A); and such other relief as the Court deems just and proper. (ECF 1 ¶¶ 1, 77, 92–94; Prayer for Relief.)

The People of the State of Illinois seek a permanent injunction; restitution, rescission or reformation of contracts, disgorgement, and other equitable relief pursuant to Section 7 of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/7(a); costs pursuant to Section 10 of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10; civil penalties of $50,000 per violation and an additional $50,000 for each intentional violation pursuant to 815 ILCS 505/7(b); additional civil penalties of $10,000 for each violation committed against a senior citizen pursuant to 815 ILCS 505/7(c); and such other relief as the Court deems just and proper. (ECF 1 ¶¶ 2; Prayer for Relief.)

The complaint does not specify the total amount of consumer redress sought. However, it alleges that Defendants deceived well over 100,000 consumers and obtained tens of millions of dollars through the alleged scheme. (ECF 1 ¶ 5.)

## II.  Jurisdiction:

A.  <u>Identify all federal statutes on which federal question jurisdiction is based.</u>

<u>Plaintiffs assert the following bases for federal questions jurisdiction:</u>

1.  28 U.S.C. § 1331 (federal question jurisdiction). (ECF 1 ¶ 6.)

2.  28 U.S.C. § 1337(a) (jurisdiction over civil actions arising under Acts of Congress regulating commerce). (ECF 1 ¶ 6.)

3.  28 U.S.C. § 1345 (jurisdiction over civil actions commenced by the United States). (ECF 1 ¶ 6.)

4.  28 U.S.C. § 1355 (jurisdiction over actions for recovery or enforcement of fines, penalties, or forfeitures). (ECF 1 ¶ 6.)

B.  <u>If jurisdiction over any claim is based on diversity or supplemental jurisdiction:</u>

Plaintiffs assert supplemental jurisdiction over the State of Illinois' claims pursuant to 28 U.S.C. § 1367, alleging that the state-law claims form part of the same case or controversy as the federal claims. (ECF 1 ¶¶ 2, 7.)  Plaintiffs further assert that the state-law claims arise from the same alleged course of conduct underlying the federal claims and assert violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510.

## III.  Status of Service: Defendants have been served.

## IV.  Consent to Proceed Before a United States Magistrate Judge:

A.  <u>Have counsel informed their clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment?</u> Yes.

B.  <u>Do all parties unanimously consent to that procedure?</u> No.

## V.  Motions:

A.  <u>Briefly describe any pending motions.</u>

Presently pending is Defendants' motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or, alternatively, to strike certain allegations of the complaint and require a more definite statement under Rules 12(e) and 12(f). Pursuant to the Court's briefing schedule

(ECF No. 21), Plaintiffs' response is due on August 7, 2026, and Defendants' reply is due on August 21, 2026.

    B.  <u>State whether the defendants anticipate responding to the complaint by filing an answer or by means of motion:</u> Defendants responded to the complaint by filing a motion to dismiss.

**VI.   Case Plan:**

    A.  <u>Proposal for discovery plan:</u>

    1.  Written and oral discovery, both fact and expert, including revenues and profits, if any, earned by Defendants, and the harm to consumers, if any.

    2.  Rule 26(a)(1) disclosures: Within 30 days after Defendants file their answer.

    3.  Written discovery: Commence within 30 days after Defendants file their answer.

    4.  Deadline to amend pleadings and add parties: At least 120 days before close of fact discovery.

    5.  Close of fact discovery: 18 months after Defendants file their answer.

    6.  Expert discovery: Plaintiffs' expert reports: Within 60 days after the close of fact discovery; Defendants' responsive expert reports: Within 105 days after the close of fact discovery; Plaintiffs' rebuttal expert reports: Within 135 days after the close of fact discovery; and Expert depositions: Complete within 165 days after the close of fact discovery.

    7.  Dispositive Motions: Due within 210 days after the close of fact discovery.

    B.  <u>Jury trial and estimated length:</u> Jury trial is requested — Parties estimate no more than 14 trial days.

**VII.   Status of Settlement Discussions:**

    A.  <u>Indicate whether any settlement discussions have occurred:</u> Yes.

    B.  <u>Indicate whether a settlement demand has been made:</u> No.

    C.  <u>Describe the status of any settlement discussion:</u> Ongoing.

    D.  <u>Whether the parties request a settlement conference:</u> The parties will advise the Court when they believe a settlement conference would be helpful.

**VIII.   Other**

    A.  <u>Is there anything else that the parties want the Court to know?</u> No

Dated: July 28, 2026

Respectfully submitted,

**FOR PLAINTIFF UNITED STATES OF AMERICA:**

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANDREW S. BOUTROS
United States Attorney
Northern District of Illinois

*s/ Colin W. Trundle*
COLIN W. TRUNDLE
CADESBY B. COOPER
Trial Attorneys
JAMES T. NELSON
Senior Trial Attorney
U.S. Department of Justice
Enforcement & Affirmative Litigation Branch
450 5th Street, NW, Suite 6400-S
Washington, DC 20044-0386
(202) 742-7112 [telephone]
(202) 616-8962 [facsimile]
colin.trundle@usdoj.gov
cadesby.b.cooper@usdoj.gov
james.nelson2@usdoj.gov

**FOR PLAINTIFF STATE OF ILLINOIS:**

KWAME RAOUL
Attorney General

*s/ Janice Parker*
AMANDA PALMER
DALE LICHTENSTEIN
THOMAS P. JAMES
JANICE PARKER
Office of the Illinois Attorney General
115 South LaSalle Street
Chicago, Illinois 60603
(872) 272-0815 [telephone]
(312) 814-2593 [facsimile]
amanda.palmer@ilag.gov
dale.lichtenstein@ilag.gov
Thomas.James@ilag.gov
janice.parker@ilag.gov

**FOR DEFENDANTS:**

*s/ Lawrence M. Benjamin*
LAWRENCE M. BENJAMIN
Crowell & Moring LLP
300 N. LaSalle Dr. Suite 2500
Chicago, IL 60654
(312) 379-4296 [telephone]
lbenjamin@crowell.com

*s/ Motty Stone*
MOTTY STONE
8424 Skokie Blvd. #200
Skokie, IL 60077
(847) 933-0300 [telephone]
(312) 509-4937 [facsimile]
mstone@windycitylawgroup.com

8